**14 MISC 497**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION OF          SEALED APPLICATION
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE RELEASE OF
HISTORICAL CELL-SITE INFORMATION

- - - - - - - - - - - - - - - -X

       Elizabeth Ann Geddes, an Assistant United States Attorney for the Eastern

District of New York, hereby applies to the Court for Orders pursuant to 18 U.S.C.

§ 2703(c)(1) and (d), directing that within seven days AT&T Wireless (the "service provider")

disclose recorded information identifying the base station towers and sectors that received

transmissions from (a) 917-971-5981, a telephone issued by the service provider and used by

Naquan Reyes ("REYES SUBJECT TELEPHONE #1"), and (b) 917-455-6010, a telephone

issued by the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE

#2"), (collectively, the "SUBJECT TELEPHONES"), at the beginning and the end of calls or

text message transmissions, and the mobile switching center serving the SUBJECT

TELEPHONES during any calls or text message transmissions, for the period from December

20, 2010 to December 21, 2010 (collectively, the "HISTORICAL CELL-SITE

INFORMATION").

       In support of this application I state the following:

       1.     I am an Assistant United States Attorney in the Office of Loretta E.

Lynch, United States Attorney for the Eastern District of New York. As such, I am a

duly-authorized representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d)

1

and, as such, am authorized to apply for Orders authorizing the disclosure of the
HISTORICAL CELL-SITE INFORMATION.

      2.     The Court is authorized to order the disclosure of the HISTORICAL
CELL-SITE INFORMATION upon the government offering specific and articulable facts
showing that there are reasonable grounds to believe that the information sought is relevant
and material to an ongoing criminal investigation.  18 U.S.C. § 2703(d).

      3.     On July 27, 2010, the Honorable Julia B. Weatherly, Judge of the Circuit
Court for Prince George's County, Maryland, granted an application requesting an order for
the disclosure of toll records and cell site information for (956) 735-9283 (a cellular telephone
used by Nicole Thompson).  On September 28, 2011, the Honorable Roanne L. Mann
authorized the disclosure of location data concerning cellular telephones (917) 971-5981
(REYES SUBJECT TELEPHONE #1), (917) 455-6010 (REYES SUBJECT TELEPHONE
#2), (347) 262-3625 and (917) 202-9456 for the periods between July 22, 2010 and July 24,
2010 and August 7, 2010 and August 9, 2010; and telephone records concerning cellular
telephones records with service provided by cellular towers in the vicinity of 1728 Brightseat
Road, Landover, Maryland on July 23, 2010.  Misc. Docket No. 11-676.  On April 4, 2012,
the Honorable Cheryl L. Pollak authorized the disclosure of location data concerning cellular
telephone (646) 696-8985 for the period between July 22, 2010 and July 24, 2010 (TYSON
SUBJECT TELEPHONE).  On March 7, 2014, the Honorable Ramon E. Reyes, Jr.,
authorized the disclosure of location data concerning (917) 971-5981 (REYES SUBJECT
TELEPHONE #1), (917) 455-6010 (REYES SUBJECT TELEPHONE #2) and (646)
696-8985 for the period between July 1, 2010 and August 30, 2010.  On April 18, 2014, the
Honorable Roanne L. Mann authorized the disclosure of location data concerning (917)

2

971-5981 (REYES SUBJECT TELEPHONE #1), (917) 455-6010 (REYES SUBJECT TELEPHONE #2) and (646) 696-8985 for the period from January 10, 2010 to January 20, 2010; from May 1, 2010 to May 11, 2010; and from May 14, 2011 to May 26, 2011

4.      I have discussed this matter with a Special Agent with the United States Secret Service (the "investigative agency"), who is involved in the investigation.   Based upon my discussion with the agent, I believe that the information likely to be obtained is relevant to an ongoing criminal investigation as required by 18 U.S.C. § 2703(d).   First, the investigative agency is conducting a criminal investigation into possible violations of federal criminal laws, including witness tampering and concealment or destruction of evidence, in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(c)(1), and conspiracy to do the same, occurring in the Eastern District of New York and elsewhere.   Second, it is believed that Reyes and others known and unknown, have used the SUBJECT TELEPHONES in furtherance of the above offenses.   Third, HISTORICAL CELL-SITE INFORMATION will further the investigation by corroborating information obtained from confidential sources and providing leads as to subject's meetings with coconspirators, as well as to the location of evidence.

5.      Based upon discussions with a special agent of the investigative agency, the government hereby sets forth the following specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation.

a.      Various confidential sources have advised that Naquan Reyes participated in a scheme to defraud banks between 2008 and 2011.[1]   As part of the scheme,

---

[1] Those sources include criminal defendants or potential criminal defendants who also participated in the bank fraud scheme and have assisted the government in an effort to secure

participants deposited counterfeit checks into bank accounts and then made cash withdrawals of the funds.

          b.      Between January 10, 2010 and January 20, 2010, counterfeit checks were deposited into a Municipal Credit Union bank account in the name of Jacquelyn Love and funds were withdrawn from that account. According to a report documenting an interview with Love, Love advised that she gave her account information to Naquan Reyes and suspected that Reyes deposited the fraudulent checks into Love's account.

          c.      Between May 1, 2010 and May 10, 2010, counterfeit checks were deposited into a Municipal Credit Union bank account in the name of Chrystal Banks. On or about July 16, 2010, Nicole Thompson was arrested in connection with making fraudulent deposits into Banks's account. According to a handwritten statement by Nicole Thompson made following her arrest, Naquan Reyes provided her with the checks that she deposited. Shortly thereafter, Thompson was murdered and her body was found in Maryland.

          d.      Between December 20, 2010 and December 21, 201$\theta$, counterfeit checks were deposited into a TD Bank account in the name of Yolanda Adams. Adams is listed as a "friend" on Naquan Reyes' Facebook page.

          e.      Between May 14, 2011 and May 26, 2011, counterfeit checks were deposited into a Municipal Credit Union bank account in the name of Latanya Dupree. According to a report documenting an interview with Dupree, Dupree (i) provided her bank account information to "Nay," (ii) agreed to allow Nay to deposit checks into her account, and (iii) Dupree later withdrew funds from her account at the direction of Nay. Bank surveillance

_____

leniency for themselves.

4

photographs reveal that Reyes and Dupree withdrew funds from Dupree's Municipal Credit Union account on or about May 19, 2011.

   f. On April 16, 2014, a grand jury in the Eastern District of New York returned a sealed indictment charging Reyes with, among other crimes, bank fraud, bank fraud conspiracy, fraudulent use of identification, aggravated identity theft and the obstruction of justice murder of Nicole Thompson.   The fraudulent use of identification charges related to Reyes's participation in the scheme to defraud Municipal Credit Union with the deposit of counterfeit checks into Banks' and Dupree's bank accounts, referenced above.

   6. Based upon the above proffer, the government requests that the Court issue Orders that provides, pursuant to 18 U.S.C. § 2703(c)(1) and (d), a directive to the service provider to supply within seven days the HISTORICAL CELL-SITE INFORMATION for the period from December 20, 2010 to December 21, 2010.

   7. The government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Orders be ordered not to disclose (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider and (c) the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court.   Any such disclosure might endanger the life or physical safety of an individual; cause a target to flee from prosecution; result in the destruction of or tampering with evidence; risk intimidation of potential witnesses; and/or seriously jeopardize the investigation.

8.   No prior request for the relief set forth herein has been made except to

the extent set forth above.   The foregoing is affirmed under the penalties of perjury.   *See* 28

U.S.C. § 1746.

Dated: Brooklyn, New York
       April 30, 2014

Elizabeth Ann Geddes
Assistant United States Attorney
718-254-6430

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**14 MISC    497**

- - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION                    SEALED ORDER
OF THE UNITED STATES OF AMERICA                    OF AUTHORIZATION
FOR AN ORDER AUTHORIZING THE RELEASE
OF HISTORICAL CELL-SITE INFORMATION

- - - - - - - - - - - - - - - - -X

        This matter having come before the Court pursuant to an application by

Assistant United States Attorney Elizabeth Geddes, an attorney for the Government as defined

by Rule 1(b)(1) of the Federal Rules of Criminal Procedure and a duly-authorized

representative of a "governmental entity" under 18 U.S.C. § 2703(c) and (d), requesting

Orders pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within seven days AT&T

Wireless (the "service provider") disclose recorded information identifying the base station

towers and sectors that received transmissions from (a) 917-971-5981, a telephone issued by

the service provider and used by Naquan Reyes ("REYES SUBJECT TELEPHONE #1"), and

(b) 917-455-6010, a telephone issued by the service provider and used by Naquan Reyes

("REYES SUBJECT TELEPHONE #2"), (collectively, the "SUBJECT TELEPHONES"), at

the beginning and the end of calls or text message transmissions, and the mobile switching

center serving the SUBJECT TELEPHONES during any calls or text message transmissions,

for the period from December 20, 2010 to December 21, 2010 (collectively, the

"HISTORICAL CELL-SITE INFORMATION");

        UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT:

Pursuant to 18 U.S.C. § 2703(c)(1) and (d), the government has offered specific and articulable facts showing that there are reasonable grounds to believe that the HISTORICAL CELL-SITE INFORMATION is relevant and material to an ongoing criminal investigation into possible violations of federal criminal laws, including witness tampering and concealment or destruction of evidence, in violation of 18 U.S.C. §§ 1512(a)(1)(c) and 1512(c)(1), and conspiracy to do the same, being conducted by the United States Secret Service (the "investigative agency"); now therefore,

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service provider shall supply to the investigative agency within seven days the HISTORICAL CELL-SITE INFORMATION for the period from December 20, 2010 to December 21, 2010;

Good cause having been shown, IT IS FURTHER ORDERED, that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Order, the existence of the Order to Service Provider or the production of the HISTORICAL CELL-SITE INFORMATION to the listed subscriber for the

2

SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or

receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
     April ___ 2014

                           s/Marilyn D. Go

                       THE HONORABLE MARILYN D. GO
                       UNITED STATES MAGISTRATE JUDGE
                       EASTERN DISTRICT OF NEW YORK

3

UNITED STATES DISTRICT COURT **14 MISC 497**
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN          SEALED ORDER TO
ORDER AUTHORIZING THE RELEASEOF              SERVICE PROVIDER
HISTORICAL CELL-SITE INFORMATION
- - - - - - - - - - - - - - - - - X

WHEREAS this Court has, upon the application of the United States of

America, entered an Order pursuant to 18 U.S.C. § 2703(c)(1) and (d), directing that within

seven days AT&T Wireless (the "service provider") disclose recorded information identifying

the base station towers and sectors that received transmissions from (a) 917-971-5981, a

telephone issued by the service provider and used by Naquan Reyes ("REYES SUBJECT

TELEPHONE #1"), and (b) 917-455-6010, a telephone issued by the service provider and

used by Naquan Reyes ("REYES SUBJECT TELEPHONE #2"), (collectively, the

"SUBJECT TELEPHONES"), at the beginning and the end of calls or text message

transmissions, and the mobile switching center serving the SUBJECT TELEPHONES during

any calls or text message transmissions, for the period from December 20, 2010 to December

21, 2010 (collectively, the "HISTORICAL CELL-SITE INFORMATION");

NOW, THEREFORE, IT IS HEREBY:

ORDERED, pursuant to 18 U.S.C. § 2703(c)(1) and (d), that the service

provider shall supply within seven days the HISTORICAL CELL-SITE INFORMATION for

the period from December 20, 2010 to December 21, 2010;

IT IS FURTHER ORDERED that this Order shall be sealed until otherwise

ordered by the Court, except that copies may be retained by the United States Attorney's

Office, the United States Secret Service, the service provider and any other person or entity whose assistance is used to execute this Order; and

IT IS FURTHER ORDERED that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction, the existence of the this Order or the production of the HISTORICAL CELL-SITE INFORMATION, to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated: Brooklyn, New York
       April 21/2014

s/Marilyn D. Go

THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

2